# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 CR 52-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| v. | )<br>)     **ORDER** |
| TIMOTHY RUSSELL HARKINS, | )<br>) |
| **Defendant.** | )<br>) |

This matter came before the Court on February 19, 2019 for a Preliminary Revocation Hearing. At the conclusion of the hearing, the Court took the matter under advisement. This Order now follows.

## I. Background

Defendant was charged by way of a Bill of Indictment filed on April 20, 2016 (Doc. 3).

Defendant subsequently entered a plea agreement which was accepted (Doc. 83). On March 2, 2017, Defendant appeared for sentencing was sentenced to time served followed by three (3) years of supervised release and a $100 special assessment. (Doc. 119).

A Petition alleging that Defendant had violated the terms and conditions of his supervised release was filed on May 10, 2017 (Doc. 125). The Petition contains a single violation that alleges Defendant was released from the custody of the Cherokee County Sheriff's Office on March 3, 2017 and subsequently failed to report to the United States Probation Office to begin his term of supervised release. Id. at 1.

## II. Evidence Presented

At the hearing, the Government first offered the Petition as evidence, which was allowed without objection. The Government then called United States Probation Officer Justin Adams who testified in part as follows:

Officer Adams stated that the United States Probation Office's records indicate Defendant was incarcerated in connection with state charges in early March of 2017. Following Defendant's federal sentencing, United States Probation Officer Sarah Wright presented a letter to Defendant dated March 2, 2017 that told Defendant, in part:

> Once released you have 72 hours to report to the above address to commence supervision. Failure to report as instructed may result in a violation. If you have any questions please call Sarah Wright 828-230-5250.

The letter was sent to the Cherokee County Sheriff's Office and was received back by the United States Probation Office via facsimile later that day. It was shown as being signed by Defendant. The letter was received into evidence as Government's Exhibit 1 without objection.

Officer Adams indicated that Defendant did not report as directed, which led to the issuance of the current Petition on May 10, 2017 and an arrest warrant of the same date.

Defendant was subsequently located in custody in Georgia at the Riverbend facility, which Officer Adams believed to be a facility operated by the Georgia state prison system.

Defense counsel then called Defendant. After Defendant was sworn, the Court advised Defendant of his right against self-incrimination and confirmed that Defendant wished to testify voluntarily.

Defendant proceeded to testify, acknowledging that he had received and signed Government's Exhibit 1. He advised that at the time, March 2, 2017, he was being held both on federal charges as well as in connection with a fugitive warrant issued from the state of Georgia. Though Defendant's testimony during direct examination was not always crystal clear, on cross-examination Defendant admitted that he left the custody of the Cherokee County Sheriff on approximately March 5, 2017 and self-reported to Georgia authorities on March 10, 2017. Defendant further admitted that he had not contacted the United States Probation Office.

Defendant stated that his formal education extended only through seventh grade, though he did subsequently receive a "special education diploma", and that he has problems reading and writing. Defendant also indicated he has been diagnosed with attention deficit disorder.

In defense of his failure to report to the United States Probation Office, Defendant testified that a state court judge in Cherokee County had directed him to address the matters pending with Georgia authorities promptly and that subsequently he was advised his obligations to the United States Probation Office had been fulfilled.

Defendant has been in the custody of the Georgia state prison system since he self-reported on March 10, 2017. He first learned of the instant Petition when he was brought to the Western District of North Carolina as a potential witness in another matter.

## III. Discussion

Having reviewed the record and having received the parties' evidence and the arguments of counsel during the hearing, the undersigned finds it plausible that Defendant could have been confused about the interplay among the various law enforcement entities with which he was involved in March 2017, including the United States Marshals Service, Cherokee County law enforcement, and Georgia state law enforcement.  It is also plausible that Defendant, after his federal sentencing, could have been focused more intently on his active fugitive warrant pending in Georgia.  Defendant's decision to self-report was appropriate, of course.

It is, however, undisputed that Defendant left the custody of the Cherokee County Sheriff's office on approximately March 5, 2017 and was not in the custody of any law enforcement agency until March 10, 2017.  Further, the argument that Defendant interpreted the phrase "upon release" in Government's Exhibit 1 to mean his obligation to contact the United States Probation Office did not begin until he had been released from the custody of any law enforcement authority is questionable.  While it is possible that there may have been some element of confusion on Defendant's part, Defendant's testimony, including his recitation of previous state charges that had been filed against him, from independent recall, indicates some level of understanding of the criminal justice system, and cuts against this argument.  In addition, Defendant did not attempt to contact the United States Probation Office to ask any questions if he was confused in this regard.

## IV. Conclusion

As indicated by Rule 32.1(b)(1) of the Rules of Criminal Procedure, the issue before the undersigned is "whether there is probable cause to believe that a violation occurred." On that point, the Government has met its burden and has established probable cause.

Accordingly, the Detention Hearing that was tentatively scheduled for February 22, 2019, pending the outcome of the Court's decision on the issue of Preliminary Revocation, will proceed.

Signed: February 20, 2019

W. Carleton Metcalf
United States Magistrate Judge